PER CURIAM:
Claimant brought this action for damage to her 1993 Pontiac Grand Prix which occurred when she was operating her vehicle on U.S. Route 52 on Coaldale Mountain in Mercer County and a large rock fell from the hillside striking the windshield. Respondent was at all times herein responsible for the maintenance of U.S. Route 52. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on April 8, 2003, at approximately 9:30 a.m. Claimant was driving her grandmother, who was the front seat passenger, to a doctor’s appointment. She was traveling southbound on U.S. Route 52 at approximately forty miles per hour. It was raining and claimant had her headlights on at the time of this incident. Claimant stated that there are a number of rocks on the hillside adjacent to her lane of travel. As claimant was proceeding into a right curve in the road, she heard a loud noise and observed a rock about the size of a basketball strike her windshield. The impact shattered the windshield and threw glass onto the claimant and her grandmother. Fortunately, there were no serious injuries, but claimant did have to visit the emergency room twice for serious headaches. The windshield was destroyed requiring claimant to purchase a new one at a cost of $145.00. Claimant also testified that she had to purchase a new inspection sticker at a cost of $14.00. She stated that she had just had a new one placed on the vehicle a month prior to this incident. Thus, claimant seeks a total award of $ 159.00.
Claimant testified that she travels this portion of road approximately twice a week. The last time she traveled the road was approximately one week prior to this incident. She stated that she has never seen a rock fall at this location. She also stated that she did not see any rock fall warning signs for southbound traffic on the date of this incident. However, she did state that there was a rock fall warning sign near this location on the opposite side of the road for northbound traffic on the date of this incident. She testified that she did observe a warning sign for southbound traffic a few months later and assumed that respondent must have put it up after this incident, unless it was covered by brush or trees on the date of this incident.
Claimant asserts that respondent knew or should have known that this location presented a rock fall hazard and it should have taken the proper remedial measures to remedy this hazard.
Respondent did not present any witnesses or evidence in this claim.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable for road defects of this type, claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. CL 103 (1986); Prittv. Dept. of Highways, 16 Ct. Cl.8 (1985). The general rule this Court has adopted is that the unexplained falling of a rock onto a highway, without an affirmative showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient evidence upon which to justify an award. Coburn v. Dept. of *137 Highways, 16 Ct. Cl. 68 (1985); Hammond v. Dept. of Highways, 11 Ct. Cl. 234 (1977).
The Court is of the opinion that the respondent took reasonable steps to insure the safety of the traveling public in this claim. Further, there was no evidence that respondent had notice of a dangerous condition.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.